G. Thomas Martin, III, Esq. (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030; F: (818) 205-2730
tom@plglawfirm.com

Attorneys for Plaintiff,
ANNA PANIBRATETS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA PANIBRATETS<br><br>Plaintiff,<br><br>GREEN TREE SERVICING LLC;<br>EXPERIAN INFORMATION<br>SOLUTIONS INC.; DOES 1 – 10,<br>inclusive.<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Credit Reporting Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## <u>COMPLAINT</u>

Plaintiff ANNA PANIBRATETS ("Plaintiff"), by her attorneys, Price Law Group, APC, alleges the following against Defendants GREEN TREE SERVICING LLC and EXPERIAN INFORMATION SOLUTIONS INC.:

## INTRODUCTION

1. Count I of Plaintiff's Complaint against GREEN TREE SERVICING LLC is based on the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Count II of Plaintiff's Complaint against EXPERIAN INFORMATION SOLUTIONS INC. is based on the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## VENUE AND JURISDICTION

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff, ANNA PANIBRATETS, is a natural person who resides in the County of Sacramento, State of California.  Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 603(c).

6. Defendant GREEN TREE SERVICING LLC (hereinafter "Green Tree") is a national corporation with its office in St. Paul, Minnesota.  At all relevant times herein, Defendant Green Tree was an entity which engaged in the practice of providing consumer information to consumer reporting agencies, and is

therefore a "furnisher of information" as discussed in 15 U.S.C. § 623 and other sections of the FCRA.

7.     Defendant EXPERIAN INFORMATION SOLUTIONS INC. (hereinafter "Experian") is a national corporation with its office in Costa Mesa, California.  At all relevant times herein, Defendant Experian was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports,  and is therefore a "consumer reporting agency" as defined by 15 U.S.C. §603(f).

8.     Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

9.     In or around October 2006, Plaintiff purchased real estate property at 4390 Sundari Avenue Olivehurst, California 95961.

10.     In or around October 2006, Plaintiff obtained a loan from National City Bank aka PNC Bank in order to finance the aforementioned real estate property she purchased (first 6 digits of account no. 458565).

11.     In or around June 2009, the aforementioned real estate property was short-sold, which resulted in the loan being legally paid in full pursuant, but not limited, to California Code of Civil Procedure §580e.

12.     In or around 2012, Plaintiff learned that Defendant Green Tree, which had become a successor in interest and/or servicer of the aforementioned loan, was incorrectly reporting on her Experian credit report that she owed a balance of $27,285 (first 4 digits of account no. 8924)

13.     Plaintiff thereafter contacted Defendant Experian in or around April 2012 in order to dispute the erroneous remarks made by Defendant Green Tree.

14.     To date, the inaccurate information reported by Defendant Green Tree remains on Plaintiff's Experian report.

15.     To date, even National City Bank aka PNC Bank has reported that the aforementioned loan is "Legally paid in full for less than the full balance," that the account is "Closed," and that no balance is owed on Plaintiff's Experian report.

16.     Despite Plaintiff's exhaustive efforts to date to remove the inaccurate credit information, Defendants have nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to include accurate information, have failed to report on the results of the reinvestigations to all credit reporting

agencies, have failed to note the disputed status of the inaccurate information and has continued to report the derogatory information about Plaintiff.

17.    Plaintiff has applied for and been denied loans and extensions of consumer credit, and Plaintiff is informed and believes and was informed that the basis for these denials was the inaccurate and erroneous information that appears on Plaintiff's credit report.

18.    As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

19.    As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

20.    As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to

credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

21.     As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file.

## COUNT I – FIRST CLAIM FOR RELIEF

### DEFENDANT GREEN TREE VIOLATED THE FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

### (Plaintiff v. Green Tree Servicing LLC)

22.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23.     At times pertinent hereto, Defendant Green Tree was a "person" as defined by 15 U.S.C. § 1681a(b).

24.     Defendant Green Tree violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s(2)(b);

(a)     willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

(b)     willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant Green Tree;

(c)     willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies.

(d)     willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

(e)     willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff;

(f)     willfully and negligently failing to provide all credit reporting agencies with the factual information and evidence that Plaintiff submitted to Defendant Green Tree, and which proved that the information concerning the Plaintiff's credit reports was inaccurate;

(g)     willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

(h)     willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

25.     Defendant Green Tree's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant Green Tree is liable to compensate the Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by law.

## COUNT II – SECOND CLAIM FOR RELIEF

## DEFENDANT EXPERIAN VIOLATED THE FAIR CREDIT REPORTING

## ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

### (Plaintiff v. Experian Information Solutions Inc.)

26.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27.    At all times pertinent hereto, Defendant Experian is a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

28.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

29.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

30.    Pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o, Defendant Experian is liable to the Plaintiff for engaging in the following conduct:

(a)    willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. § 1681i(a);

(b)     willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities in violation of 15 U.S.C. §1681i(a);

(c)     willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

(d)     willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e)     willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation in violation of 15 U.S.C. § 1681i(a);

(f)     willfully and negligently failing to note the dispute of the inaccurate information and in subsequent consumer reports in violation of 15 U.S.C. § 1681i(a);

(g)     willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(h)     willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report information and file, in violation of 15 U.S.C. § 1681e(b);

(i)     willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(j)     willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

31.     The conduct of Defendant Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and, as a result, Defendant Experian is liable to the Plaintiff for the full statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such other further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

a) Actual damages;

b) Statutory damages;

c) Punitive damages;

d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

e) Any other relief that this court deems to be just and proper.


RESPECTFULLY SUBMITTED,

DATED:   September   20,       **PRICE LAW GROUP APC**

2012

By: _____

G. Thomas Martin, III
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANNA PANIBRATETS, demands trial by jury in this action.